IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LAUREN TERKEL; PINEYWOODS ARCADIA HOME TEAM, LTD; LUFKIN CREEKSIDE APARTMENTS, LTD; LUFKIN CREEKSIDE APARTMENTS II, LTD; LAKERIDGE APARTMENTS, LTD; WEATHERFORD MEADOW VISTA APARTMENTS, LP; and MACDONALD PROPERTY MANAGEMENT, LLC; §§§§§§§§§§§ *Plaintiffs*, §§ v. §§ CENTERS FOR DISEASE CONTROL AND PREVENTION; ROBERT R. REDFIELD, in his official capacity as Director of the Centers for Disease Control and Prevention; NINA WITKOFSKY, in her official capacity as Acting Chief of Staff for the Centers for Disease Control and Prevention; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and ALEX AZAR, in his official capacity as Secretary of the Department of Health and Human Services; §§§§§§§§§§§§§§§ *Defendants*. | CIVIL ACTION NO. 6:20-cv-564-JCB<br><br>JUDGE BARKER |

**EMERGENCY UNOPPOPSED MOTION FOR EXPEDITED CONSIDERATION OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Local Rule CV-7(l), Plaintiffs[1] request the Court grant expedited consideration of Plaintiffs' Motion for Preliminary Injunction [ECF #13]. Plaintiffs request the Court issue its ruling on Plaintiffs' Motion on an expedited basis to avoid causing Plaintiffs' another month of continued injury. Should oral argument assist the Court in resolving the issues presented in Plaintiffs' Motion, Plaintiffs' counsel announce ready on any day, at any time to appear and be

---

[1] Plaintiffs are Lauren Terkel, Pineywoods Arcadia Home Team, Ltd., Lufkin Creekside Apartments, Ltd., Lufkin Creekside Apartments II, Ltd., and Lakeridge Apartments, Ltd., Weatherford Meadow Vista Apartments, Ltd., and MacDonald Property Management, LLC,

heard.

1. Plaintiffs are residential landlords and property management companies subject to the Center for Disease Control ("CDC") Order preventing residential evictions.[2] The CDC Order is quickly approaching its third month, and Plaintiffs request immediate relief from the Court to avoid another month of compounding injury.

2. Plaintiffs' lawsuit challenges the constitutionality of Centers for Disease Control and Prevention Order prohibiting residential evictions. This case raises issues important to the very premise of our federal government as one constrained by limited, enumerated powers.

3. Plaintiffs' private property has been taken hostage by Defendants through the CDC Order. Each day that the CDC Order remains in place causes Plaintiffs recurring injury. Plaintiffs' property rights are infringed each day by the Order forcing them to maintain on their property unwanted persons. Each day that the CDC Order remains in place prevents Plaintiffs from exercising their legal remedies under Texas state law to remove these unwanted persons.

4. By the nature of residential leasing, Plaintiffs' ongoing injuries are further compounded at the beginning of each month when rent is due and Plaintiffs are forced to suffer a new month of injury. *See* Plf. Mtn. for Preliminary Injunction, p. 4-8; Plf. Reply ISO Mtn. for Prelim. Injunction, p. 10-13. The longer the CDC Order remains in force, the more likely it is that additional tenants of Plaintiffs will elect to breach their lease and use the CDC Order as a means to enable them to forcibly continue to occupy Plaintiffs' private property against the will of Mrs. Terkel and her co-Plaintiffs. These adverse possessors remain shielded from any consequence by the significant criminal penalties in the CDC Order. *See* 85 Fed. Reg. 55296. Each month of the CDC Order

---

[2] Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55292 (Sept. 4, 2020), available at https://www.govinfo.gov/content/pkg/FR-2020-09-04/pdf/2020-19654.pdf.

blocks Plaintiffs from obtaining new tenants who will abide by their contractual obligations in contrast to the current tenants in breach who continue to occupy Plaintiffs' property through the force of the CDC Order.

5. Proceeding under Local Rule CD-7(e) is inadequate because the Parties have already fully briefed the preliminary injunction motion with yesterday's filing of Plaintiffs' Reply. [ECF #13]. The Parties have worked diligently to file their Motion, Response, and Reply without seeking any extension of time.

6. Plaintiffs' counsel shall notify chambers of the presiding judge of the filing of this emergency motion pursuant to Local Rule CV-7(l)(4).

THEREFORE, Plaintiffs respectfully request the Court grant this unopposed Motion, immediately notice oral argument should the Court so desire, and issue its Order on Plaintiffs' Motion for Preliminary Injunction on an expedited basis.

Respectfully Submitted,

*/s/Robert Henneke*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar No. 24076767
cweldon@texaspolicy.com
RYAN D. WALTERS
Texas Bar No. 24105085
rwalters@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, TX 78701
Telephone:  (512) 472-2700
Facsimile:  (512) 472-2728

KIMBERLY S. HERMANN
(*admitted pro hac vice*)
Georgia Bar No. 646473
khermann@southeasternlegal.org

>CELIA HOWARD O'LEARY
>(*admitted pro hac vice*)
>Georgia Bar No. 747472
>coleary@southeasternlegal.org
>SOUTHEASTERN LEGAL FOUNDATION
>560 West Crossville Rd., Ste. 104
>Roswell, GA 30075
>Telephone: (770) 977-2131
>
>*Attorneys for Plaintiffs*

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 17, 2020, I conferred with counsel for Defendants, Leslie Cooper Vigen, about the relief sought in the attached Motion to Exceed Page Limits. Defendants' counsel represented their position as follows: "Defendants have previously demonstrated that Plaintiffs are not entitled to expedited relief, *see* Defs.' Opp. to Mot. for Prelim. Inj. (ECF No. 11), but respectfully defer to the Court as to when it resolves Plaintiffs' motion for a preliminary injunction and therefore take no position on the motion to expedite."

>*/s/Robert Henneke*
>ROBERT HENNEKE

## CERTIFICATE OF SERVICE

I certify that the foregoing document was electronically filed on November 17, 2020 with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

>*/s/Robert Henneke*
>ROBERT HENNEKE

4