# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| LAUREN TERKEL; PINEYWOODS ARCADIA HOME TEAM, LTD; LUFKIN CREEKSIDE APARTMENTS, LTD; LUFKIN CREEKSIDE APARTMENTS II, LTD; and LAKERIDGE APARTMENTS, LTD; WEATHERFORD MEADOW VISTA APARTMENTS, LP; and MACDONALD PROPERTY MANAGEMENT, LLC;<br>　　*Plaintiffs*,<br><br>　　v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION; ROBERT R. REDFIELD, in his official capacity as Director of the Centers for Disease Control and Prevention; NINA WITKOFSKY, in her official capacity as Acting Chief of Staff for the Centers for Disease Control and Prevention; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and ALEX AZAR, in his official capacity as Secretary of the Department of Health and Human Services;<br>　　*Defendants*. | CIVIL ACTION NO. 6:20-cv-564-JCB<br><br>JUDGE BARKER |

### PLAINTIFFS' STATEMENT IN SUPPORT OF CONSIDERING AND GRANTING DECLARATORY RELIEF ON SUMMARY JUDGMENT

On November 20, 2020, this Court ordered the parties "to provide any information that would counsel against considering or granting summary judgment." Doc. 18. Plaintiffs are in full agreement that summary judgment on the merits of their constitutional claims can and should be granted. The facts here are undisputed and the sole issue presented is a legal question of constitutional interpretation. The Court should therefore convert Plaintiffs' preliminary injunction motion to a summary judgment and enter a final judgment resolving the entirety of this case at the trial court level. Given Plaintiffs' agreement that the motion should be converted, Plaintiffs are uncertain that any further response is required. However, insofar as any response from Plaintiffs

is required, Plaintiffs hereby file the following brief statement in support of considering and granting their request for declaratory relief on a summary judgment basis.

Under Federal Rule of Civil Procedure 56(f), a court may, by its own motion, consider summary judgment when: (1) it has provided notice to the parties; (2) it has given parties a reasonable time to respond; and (3) material facts are not genuinely in dispute. The Court here has provided sufficient notice to the parties and has given them a reasonable time (two weeks) to respond. *See, e.g.*, *Wolcott v. Sebelius*, 497 Fed. Appx. 400, 405 (5th Cir. 2012) (finding that giving just a few hours' notice before entering a *sua sponte* motion for summary judgment was insufficient, whereas "explicitly order[ing] the parties" to file motions by a certain date was reasonable under Rule 56(f)) (citing *Powell v. United States*, 849 F.2d 1576, 1579 (5th Cir. 1988); *New York Life Ins. Co. v. Brown*, 84 F.3d 137 (5th Cir. 1996)).

Moreover, there are no material facts in dispute. Defendants did not dispute the facts alleged in Plaintiffs' declarations either in their Response or during the hearing on Plaintiffs' Motion for Preliminary Injunction. More importantly, Plaintiffs' brought a purely legal challenge to the constitutionality of the CDC Order. To the extent that the Administrative Procedure Act (APA) applies beyond the procedural means for Plaintiffs to raise their constitutional challenge, any record the government might submit is irrelevant to the sole constitutional legal claim at issue. When it comes to constitutional claims under the APA, "[t]he Court need not consider the record on the APA claim because it requires a purely legal statutory-interpretation analysis." *Franciscan All. Inc. v. Azar*, 414 F. Supp. 3d 928, 942 n.6 (N.D. Tex. 2019).

Any arguments by Defendants to the contrary can be viewed as nothing more than a delay tactic to drag litigation into the new year. But as this Court points out, "neither factual development in this court nor filing of the administrative record appears necessary to put the court in a position

to adjudicate the merits of plaintiffs' claims." Doc. 18. Thus, Plaintiffs respectfully request that this Court consider their claim for declaratory relief on summary judgment, grant summary judgment in Plaintiffs' favor, and enter a final judgment in this case providing prompt relief to Plaintiffs who continue to suffer daily compounding injuries.

DATED:  December 4, 2020                    Respectfully submitted,

*/s/Robert Henneke*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar No. 24076767
cweldon@texaspolicy.com
RYAN D. WALTERS
Texas Bar No. 24105085
rwalters@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, TX 78701
Telephone: (512) 472-2700
Facsimile: (512) 472-2728

KIMBERLY S. HERMANN
(*admitted pro hac vice*)
Georgia Bar No. 646473
khermann@southeasternlegal.org
CELIA HOWARD O'LEARY
(*admitted pro hac vice*)
Georgia Bar No. 747472
coleary@southeasternlegal.org
SOUTHEASTERN LEGAL FOUNDATION
560 West Crossville Rd., Ste. 104
Roswell, GA 30075
Telephone: (770) 977-2131

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was electronically filed on December 4, 2020 with the clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/Robert Henneke*
ROBERT HENNEKE