UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00564

**Lauren Terkel et al.,**
*Plaintiffs,*

v.

**Centers for Disease Control and Prevention et al.,**
*Defendants.*

### ORDER

Plaintiffs in this action sue the U.S. Department of Health and Human Services (HHS), the Centers for Disease Control and Prevention (a component of HHS), and three HHS officials responsible for the challenged agency order. Doc. 1 at 4-5. Pursuant to Federal Rule of Civil Procedure 4(*l*), plaintiffs have filed an affidavit of service of process. *See* Doc. 7. That affidavit, however, appears insufficient. Although it attests to service on each of the five defendants named in the complaint, the affidavit does not attest to service on the United States, which is additionally required when suing a United States agency or United States officer in an official capacity. Fed. R. Civ. P. 4(i)(2). Plaintiffs are directed to serve process on the United States, if that has not been done already, and file a sufficient affidavit of service forthwith.

Additionally, because the challenged agency order may be enforced in a criminal proceeding brought in the name of the United States, *see* 85 Fed. Reg. at 55,296, the court adds the United States as a defendant. *See* Fed. R. Civ. P. 21 ("[O]n its own, the court may at any time, on just terms, add or drop a party."). The court finds that addition just, as it would allow a remedy corresponding to the full substance of plaintiffs' allegations and has no effect on the course of the litigation since Department of Justice counsel have already appeared to defend the order. *See* 5 U.S.C. § 702 ("The United States may be

named as a defendant in any such action [for judicial review of agency action], and a judgment or decree may be entered against the United States[.]"); *id.* § 703 ("the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer"); *see, e.g.*, *Mullaney v. Anderson*, 342 U.S. 415, 417 (1952) (adding party on appeal under Rule 21 where earlier joinder would not "have in any way affected the course of the litigation"); *Du Shane v. Conlisk*, 583 F.2d 965, 967 (7th Cir. 1978) (similar for remedial purposes). The clerk of court is directed to amend the case caption accordingly. Any disagreement with this addition should be raised by motion filed by December 14, 2020. Counsel for defendants are further directed to notify the court by that date if their notices of appearance for all defendants should not be extended to the United States.

Lastly, the court modifies its scheduling order (Doc. 24) to direct defendants to file the administrative record in this action on or before December 14, 2020. By that same date, defendants may file any desired briefing on summary judgment in light of the administrative record. That may be unnecessary because plaintiffs' Commerce Clause challenge is a purely legal question that turns only on legislative facts, not adjudicative facts developed in this case. *See* Doc. 18; *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012) ("The constitutionality of the challenged statutory provisions does not present factual questions for determination in a trial."); *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 290 (6th Cir. 1997) (noting that the "constitutionality of the [statute] on Commerce Clause and Equal Protection grounds . . . are purely legal issues"). Plaintiffs may file any additional briefing regarding the administrative record by December 17, 2020. Any such brief is limited to 15 pages for all plaintiffs and 15 pages for all defendants.

*So ordered by the court on December 10, 2020.*

J. CAMPBELL BARKER
United States District Judge