IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| LAUREN TERKEL, *et al.*, | |
|---|---|
| Plaintiffs, | |
| v. | Case No. 6:20-cv-564-JCB |
| CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*, | |
| Defendants. | |

**DEFENDANTS' RESPONSE TO THE COURT'S
DECEMBER 16, 2020 ORDER**

Pursuant to the Court's Order of December 16, 2020, *see* ECF No. 30, Defendants respectfully notify the Court that, on December 21, 2020, Congress passed the Consolidated Appropriations Act, 2021. *See* Consolidated Appropriations Act, 2021, H.R. 133, 116th Cong. (as passed by House, Dec. 21, 2020). Section 502 of that Act provides:

> The order issued by the Centers for Disease Control and Prevention under section 361 of the Public Health Service Act (42 U.S.C. 264), entitled "Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID–19" (85 Fed. Reg. 55292 (September 4, 2020) is extended through January 31, 2021, notwithstanding the effective dates specified in such Order.

Defendants will promptly notify the Court should the Act become law.

In the event the Act were not to become law by December 31, 2020, and the Order were to expire by its own terms on that date, *see* Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55292, 55297 (Sept. 4, 2020), Plaintiffs' challenge would be moot, *see Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020) (holding that where COVID-19 "stay-at-home orders expired by their own terms . . . plaintiffs' request that we enjoin them [was] therefore moot"); *see also, e.g., Trump v. Int'l Refugee Assistance*, 138 S. Ct. 353 (2017) (vacating judgment with

instructions to dismiss as moot challenge to provision of Executive Order that "expired on its own terms" and thus "no longer present[ed] a live case or controversy" (quotation marks and citation omitted)); *Burke v. Barnes*, 479 U.S. 361, 363 (1987) (holding that petitioners' claims "were mooted" when bill at issue "expired by its own terms"). In the meantime, there is no cause for the Court to rush a decision on Plaintiffs' claims. *See, e.g.*, *Danville Christian Acad. v. Beshear*, --- S. Ct. ---, No. 20A96, 2020 WL 7395433, at *1 (U.S. Dec. 17, 2020) (denying without prejudice plaintiffs' application to vacate stay of preliminary injunction of COVID-19 school-closure order on First Amendment grounds, given "all of the circumstances, especially the timing and the impending expiration of the Order").

Dated:  December 23, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
STEVEN A. MYERS
Senior Trial Counsel (NY Bar No. 4823043)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel:  (202) 305-0727
Fax:  (202) 616-8470
E-mail:  leslie.vigen@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated: December 23, 2020

                                                              */s/ Leslie Cooper Vigen*
                                                               Trial Attorney