# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| LAUREN TERKEL, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*,<br><br>    Defendants. | Case No. 6:20-cv-564-JCB |

## ANSWER

Defendants Centers for Disease Control and Prevention, Robert R. Redfield, in his official capacity as Director of the Centers for Disease Control and Prevention; Nina Witkofsky, in her official capacity as Acting Chief of Staff for the Centers for Disease Control and Prevention; United States Department of Health and Human Services; Alex Azar, in his official capacity as Secretary of Health and Human Services; and the United States of America, hereby answer Plaintiffs' complaint as follows.

The text preceding the section entitled "Executive Summary" consists of Plaintiffs' characterization of this action, not allegations of fact to which a response is required.

## EXECUTIVE SUMMARY

With respect to the first unnumbered paragraph, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first three sentences, which concern Plaintiffs' expectations, or the fourth sentences, which concerns whether Plaintiffs' tenants have failed to pay rent. To the extent the first unnumbered paragraph consists of conclusions of law, no response is required.

The second unnumbered paragraph consists of argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

1

The first sentence of the third unnumbered paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny. The second sentence of the third unnumbered paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit only that the CDC Order is consistent Congress's power under Article I, Section 8 of the Constitution. The third, fourth, and fifth sentences of the third unnumbered paragraph consist of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

With respect to the fourth unnumbered paragraph, Defendants deny the first clause of the first sentence. The remainder of this paragraph consists of Plaintiffs' characterization of this lawsuit, not allegations of fact to which a response is required.

**RESPONSES TO NUMBERED PARAGRAPHS**

1. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

2. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

3. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

4. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

5. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

6. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

7. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

8. Admit.

9. As to the first sentence, admit that Robert R. Redfield is the Director of CDC. The remaining allegations of the first sentence consist of Plaintiffs' characterization of 42 C.F.R. § 70.2, which speaks for itself; Defendants deny any characterization of 42 C.F.R. § 70.2 and respectfully refer the Court to 42 C.F.R. § 70.2 for a full and accurate statement of its contents. The second sentence consists of Plaintiffs' characterization of this action, not allegations of fact to which a response is required.

10. As to the first sentence, admit that Nita Witkofsky is Acting Chief of Staff of CDC; the remaining allegations of this sentence consist of conclusions of law, not allegations of fact to which a response is required, but to the extent a response is deemed required, deny. The second sentence consists of Plaintiffs' characterization of this action, not allegations of fact to which a response is required.

11. Admit.

12. Admit that Alex Azar is the Secretary of Health and Human Services. The remaining allegations of this paragraph consist of Plaintiffs' characterization of this action, not allegations of fact to which a response is required.

13. This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

14. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny that Plaintiffs are entitled to declaratory or injunctive relief, or any relief whatsoever.

15. This paragraph consists of conclusions of law, not allegations of fact to which a

response is required.

16. Defendants admit that the CDC Order was made available for public inspection on September 1, 2020, and took effect upon publication in the Federal Register on September 4, 2020; that it stated that it would remain in effect until December 31, 2020, "unless extended, modified, or rescinded," 85 Fed. Reg. at 55297; and that the Federal Register notice was signed by Defendant Chief of Staff Witkofsky. Defendants separately aver that the CDC Order was issued by CDC Director Redfield.

17. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the CDC Order contains the quoted text, but deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

18. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the CDC Order contains the quoted text, but deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

19. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the CDC Order contains the quoted text, but deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

20. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the CDC

Order contains the quoted text, but deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

21. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the CDC Order contains the quoted text, but deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

22. This paragraph consists of argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

23. This paragraph consists of argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

24. This paragraph, which alleges that there is "no current prohibition" on interstate travel of those infected with or exposed to COIVD-19, is vague. To the extent that this paragraph describes the CDC Order, it consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents. To the extent that this paragraph refers to restrictions imposed by other governmental entities, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation, but separately aver that, upon information and belief, many state and

local governments have imposed restrictions on interstate travel.

25. Admit that the CDC Order contains the quoted text. The remainder of the paragraph consists of characterization of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

26. Admit that the CDC Order contains the quoted text. The remainder of the paragraph consists of characterization of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

27. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

28. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

29. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

30. To the extent this paragraph consists of conclusions of law, no response is required. To the extent this paragraph consists of factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

31. To the extent this paragraph consists of conclusions of law, no response is required. To the extent this paragraph consists of factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

32. Defendants lack sufficient knowledge or information to form a belief about the truth

of the allegations in this paragraph.

33. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

34. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

35. To the extent this paragraph consists of conclusions of law, no response is required. To the extent this paragraph consists of factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

36. To the extent this paragraph consists of conclusions of law, no response is required. To the extent this paragraph consists of factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

37. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

38. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

39. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

40. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

41. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

42. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

43. Defendants lack sufficient knowledge or information to form a belief about the truth

of the allegations in this paragraph.

44. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

45. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

46. To the extent this paragraph consists of conclusions of law, no response is required. To the extent this paragraph consists of factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

47. To the extent this paragraph consists of conclusions of law, no response is required. To the extent this paragraph consists of factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

48. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

49. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

50. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

51. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

52. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

53. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

54. Defendants lack sufficient knowledge or information to form a belief about the truth

of the allegations in this paragraph.

55. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

56. To the extent this paragraph consists of conclusions of law, no response is required. To the extent this paragraph consists of factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

57. To the extent this paragraph consists of conclusions of law, no response is required. To the extent this paragraph consists of factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

58. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

59. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

60. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

61. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

62. To the extent this paragraph consists of conclusions of law, no response is required. To the extent this paragraph consists of factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

63. To the extent this paragraph consists of conclusions of law, no response is required. To the extent this paragraph consists of factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

64. Defendants lack sufficient knowledge or information to form a belief about the truth

of the allegations in this paragraph.

65. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

66. To the extent this paragraph consists of conclusions of law, no response is required. To the extent this paragraph consists of factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

67. To the extent this paragraph consists of conclusions of law, no response is required. To the extent this paragraph consists of factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

68. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

69. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

70. Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

71. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that *United States v. Lopez*, 514 U.S. 549, 552 (1995), contains the quoted text, deny any characterization of that opinion, which speaks for itself, and respectfully refer the Court to that opinion for a full and accurate statement of its contents.

72. Admit that the Tenth Amendment to the Constitution contains the quoted text.

73. Admit only that Article I, Section 8 of the Constitution lists the enumerated powers of Congress and contains the quoted text.

74. This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, deny.

75. This paragraph consists of argument and conclusions of law, not allegations of fact to which a response is required. Moreover, the term "traditionally" is undefined and vague, and so Defendants are unable to admit or deny that allegation. To the extent a response is deemed required, admit that CDC has, at times, acted for disease-prevention purposes pursuant to, among others, its statutory authority under 42 U.S.C. §§ 264–271, consistent with Article I.

76. Admit that Article I, Section 8, Clause 3 of the Constitution contains the quoted text.

77. Admit that Article I, Section 8, Clause 18 of the Constitution contains the quoted text.

78. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

79. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of *Gonzalez v. Raich*, 545 U.S. 1, 16–17 (2005), which speaks for itself, and respectfully refer the Court to the opinion for a full and accurate statement of its contents.

80. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of *Gonzalez v. Raich*, 545 U.S. 1, 33–42 (2005) (Scalia, J., concurring), which speaks for itself, and respectfully refer the Court to the opinion for a full and accurate statement of its contents.

81. This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

82. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

83. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, to the extent a response is deemed

required, Defendants deny any characterization of the CDC Order, which speaks for itself, respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

84. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

85. Admit that there is currently no federal prohibition on those exposed to COVID-19 moving across state lines, but separately aver that, upon information and belief, many state and local governments have imposed restrictions on interstate travel.

86. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

87. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

88. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

89. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

90. This paragraph consists of conclusions of law, not allegations of fact to which a

response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

91. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

92. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

93. Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

94. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of 5 U.S.C. § 706(2)(B), which speaks for itself, and respectfully refer the Court to the statute for a full and accurate statement of its contents.

95. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny that the CDC Order is contrary to constitutional right, power, privilege, or immunity, or not in accordance with law.

96. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit that the CDC Order challenged here is final agency action within the meaning of 5 U.S.C. § 704.

97. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

98. Defendants restate and incorporate by reference the responses contained in all

preceding paragraphs.

99. This paragraph consists of Plaintiffs' characterization of this action, not allegations of fact to which a response is required.

100. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

101. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

102. Admit only that, by operation of Section 502 of Title V, Division N of the Consolidated Appropriations Act, 2021, the CDC Order will remain in effect until January 31, 2021, and otherwise deny.

103. This paragraph consists of a request for relief, not allegations of fact to which a response is required; to the extent a response is deemed required, deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

104. Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

105. This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

106. This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

107. This paragraph consists of a request for relief, not allegations of fact to which a response is required; to the extent a response is deemed required, deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

The remaining paragraphs of the complaint contain a prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny any allegations contained

in the prayer for relief and further deny that Plaintiffs are entitled to the requested relief or to any relief whatsoever.

## DEFENSES

1. The Court lacks subject matter jurisdiction.

2. Plaintiffs fail to state a claim upon which relief may be granted.

3. Defendants' actions did not violate the U.S. Constitution, the Administrative Procedure Act, or any other statutory or regulatory provision.

## CONCLUSION

WHEREFORE, having fully answered, Defendants respectfully request that the Court enter judgment dismissing this action with prejudice and awarding Defendants costs and such other relief as the Court may deem appropriate. Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

Dated: December 28, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
STEVEN A. MYERS
Senior Trial Counsel (NY Bar No. 4823043)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-0727
Fax: (202) 616-8470
E-mail: leslie.vigen@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated: December 28, 2020

*/s/ Leslie Cooper Vigen*
Trial Attorney