# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

LAUREN TERKEL, *et al.*,

    Plaintiffs,

v.

CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*,

    Defendants.

Case No. 6:20-cv-564-JCB

## DEFENDANTS' FURTHER RESPONSE TO THE COURT'S DECEMBER 16, 2020 ORDER

Pursuant to the Court's Order of December 16, 2020, *see* ECF No. 30, and as an addendum to Defendants' December 23, 2020 response, *see* ECF No. 33, Defendants respectfully notify the Court that, on December 27, 2020, the President signed into law the Consolidated Appropriations Act, 2021. *See* White House, Bill Announcement (Dec. 27, 2020), https://www.whitehouse.gov/briefings-statements/bill-announcement-122720/. Section 502 of that Act provides:

> The order issued by the Centers for Disease Control and Prevention under section 361 of the Public Health Service Act (42 U.S.C. 264), entitled "Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID–19" (85 Fed. Reg. 55292 (September 4, 2020) is extended through January 31, 2021, notwithstanding the effective dates specified in such Order.

H.R. 133, 116th Cong. (Pub. L. No. 116-___, ___ Stat. ___), div. N, tit. V, § 502 (as signed by the President, Dec. 27, 2020).

Plaintiffs have not moved for leave to amend the complaint to challenge this Act, and such a motion would be futile. "In assessing the scope of Congress' authority under the Commerce Clause," the task of the Court "is a modest one." *Gonzales v. Raich*, 545 U.S. 1, 22 (2005). The Court "need not determine whether [plaintiffs'] activities, taken in the aggregate, substantially affect interstate

commerce in fact, but only whether a 'rational basis' exists for so concluding." *Id.* As Defendants have explained, that standard is easily met here because the Supreme Court has held that the regulation of rental property is within Congress's commerce power. *See Jones v. United States*, 529 U.S. 848, 853 (2002) (explaining that *Russell v. United States*, 471 U.S. 858, 862 (1985) stated as "dispositive fact" that the petitioner "'was renting his apartment building to tenants at the time he attempted to destroy it by fire'"). But in any event, principles of judicial restraint require serious hesitation before striking down an Act of Congress—"the gravest and most delicate duty that this Court is called on to perform." *Shelby Cty., Ala. v. Holder*, 570 U.S. 529, 556 (2013) (internal quotation marks omitted).

Dated: December 28, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
STEVEN A. MYERS
Senior Trial Counsel (NY Bar No. 4823043)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-0727
Fax: (202) 616-8470
E-mail: leslie.vigen@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated: December 28, 2020

                                                    */s/ Leslie Cooper Vigen*
                                                    Trial Attorney