# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| LAUREN TERKEL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*, <br><br> Defendants. | Case No. 6:20-cv-564-JCB |

## DEFENDANTS' RESPONSE TO
## THE COURT'S FEBRUARY 12, 2021 ORDER

On February 12, 2021, the Court directed the parties to "file any desired supplemental briefing on summary judgment" in light of the Centers for Disease Control and Prevention's (CDC) extension of the Order at issue here, which paused certain residential evictions to prevent the further spread of COVID-19. *See* ECF No. 41. As Defendants have explained, although Federal Rule of Civil Procedure 56(f) permits a court to consider summary judgment sua sponte, there are good reasons for the Court to decline to exercise that discretion here. *See* ECF No. 23. Plaintiffs chose to move for a preliminary injunction, and the additional evidence described in the most recent CDC Order confirms that this Court should deny Plaintiffs' motion. Every court to consider such a motion has denied it, including in a case now pending before the Fifth Circuit. *See Chambless Enters., LLC v. Redfield*, No. 20-1455, 2020 WL 7588849 (W.D. La. Dec. 22, 2020), *appeal filed*, No. 21-30037 (5th Cir. Jan. 21, 2021) (plaintiffs' opening brief due March 22, 2021); *Tiger Lily LLC v. U.S. Dep't of Housing & Urban Dev.*, --- F. Supp. 3d ---, No. 20-2692, 2020 WL 7658126 (W.D. Tenn. Nov. 6, 2020); *Brown v. Azar*, --- F. Supp. 3d ---, No. 20-3702, 2020 WL 6364310 (N.D. Ga. Oct. 29, 2020), *appeal filed*, No. 20-14210 (11th Cir. Nov. 9, 2020), *mot. for inj. pending appeal denied*, No. 20-14210 (11th Cir. Dec. 17, 2020); Order,

*KBW Inv. Props. LLC v. Azar*, ECF No. 16, No. 20-4852 (S.D. Ohio Sept. 25, 2020).

Since the completion of briefing on Plaintiffs' preliminary injunction motion, the CDC Order has been extended twice. On December 27, 2020, President Trump signed into law the Consolidated Appropriations Act, 2021, in which Congress voted, by overwhelming majority, to extend the Order until January 31, 2021, ratifying CDC's original action. *See* Pub. L. No. 116-260, div. N, tit. V, § 502, 134 Stat. 1182, 2079 (2020); *see also, e.g.*, *United States v. Heinszen & Co.*, 206 U.S. 370, 384 (1907) (holding that Congress "ha[s] power to ratify the acts which it might have authorized" as an initial matter). Just before the expiration of the statutory extension, on January 29, 2021, CDC further extended the Order until the end of March 2021. *See* Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 86 Fed. Reg. 8020 (Feb. 3, 2021) (the January Order). The January Order is identical in substance and effect to the Order ratified by Congress, but its conclusion that a temporary eviction moratorium is necessary to prevent the further spread of COVID-19 is supported by additional evidence. *See id.* at 8024. This additional evidence shows that the pandemic worsened significantly prior to the issuance of the January Order, *id.* at 8021, that eviction moratoria work to slow the spread of COVID-19, *id.* at 8022, and that evictions would likely proceed quickly and in large numbers were the Order lifted prematurely, potentially increasing COVID-19 spread, *id.* at 8025.

Neither the Supreme Court nor the Fifth Circuit has ever invalidated a regulation of economic activity on Commerce Clause grounds, and this case presents no occasion to break new ground. The new data cited in the January Order confirm that the economic activity regulated here—the eviction remedy in contracts for rental property—presents a direct and substantial risk of exacerbating the interstate spread of COVID-19. Modeling projections and observational data "indicate that evictions substantially contribute to COVID-19 transmission." *Id.* at 8022. Specifically, preliminary mathematical models have found that lifting eviction moratoria led to a 40 percent increased risk of

contracting COVID-19 among evicted persons and family or friends with whom they shared housing after eviction. *Id.* The same models predicted an increase in overall community transmission even among those who did not share housing when evictions occur. *Id.* Further, observational data comparing COVID-19 spread in states that lifted eviction moratoria with states that maintained eviction moratoria "showed significant increases in COVID-19 incidence and mortality approximately 2–3 months after eviction moratoria were lifted"—suggesting that, "nationally, over 433,000 cases of COVID-19 and over 10,000 deaths could be attributed to lifting state moratoria." *Id.*

Moreover, the January Order provides further evidence that the balance of harms continues to heavily favor the government, and that enjoining the CDC Order would be against the public interest. The severity of the pandemic only increased prior to the issuance of the January Order. As that Order points out, December 2020 and January 2021 were the worst months to date in terms of COVID-19 new cases and reported deaths.[1] *Id.* at 8021. The virus has now been detected in every county within the continental United States, and new, more contagious strains of the virus are spreading throughout the country. *Id.* Newly available scientific evidence has confirmed that evictions exacerbate the spread of COVID-19. *Id.* at 8022. And eviction actions continue to be filed during the effective period of the Order, indicating that if it were enjoined, a wave of evictions would likely result, risking further outbreaks of COVID-19. *Id.* at 8025.

At the same time, Congress has now appropriated additional funds for emergency rental assistance, for which landlords may apply on behalf of their tenants, and which may be paid directly to landlords. *See* 2021 Appropriations Act, div. N, tit. V, §§ 501(c)(2), 501(f). Thus, now more than

---

[1] Although the rate of new infections has slowed in recent weeks, the 7-day moving average of new cases on February 15, 2021 was still more than double the 7-day moving average on September 4, 2020, the day the Order originally went into effect. *See* CDC COVID Data Tracker, https://covid.cdc.gov/covid-data-tracker/#trends_dailytrendscases (last visited Feb. 16, 2021). In addition, new evidence demonstrates that more COVID-19 infections and deaths would have occurred but for eviction moratoria. *See* 86 Fed. Reg. at 8022.

3

ever, Plaintiffs' alleged economic and constitutional injuries "pale[] in comparison to the significant loss of life that that Defendants have demonstrated could occur should the Court block the Order." *See Brown*, 2020 WL 6364310, at *23. The January Order thus bolsters the conclusion that it is unquestionably in the public interest to maintain a temporary eviction moratorium that public health experts have confirmed mitigates the spread of a deadly disease in the midst of a once-in-century global pandemic.

For these reasons, in addition to those stated in Defendants' opposition to Plaintiffs' preliminary injunction motion and response to the Court's November 20, 2020 Order, the Court should deny Plaintiffs' motion. Furthermore, the additional evidence cited in the January Order—as well as the absence of an administrative record with respect to the January Order[2]—confirm that the Court should not address the issue of summary judgment sua sponte.

Dated: February 16, 2021          Respectfully submitted,

                                                   BRIAN M. BOYNTON
                                                   Acting Assistant Attorney General

                                                   ERIC BECKENHAUER
                                                   Assistant Director, Federal Programs Branch

                                                   */s/ Leslie Cooper Vigen*
                                                   LESLIE COOPER VIGEN
                                                   Trial Attorney (DC Bar No. 1019782)
                                                   STEVEN A. MYERS
                                                   Senior Trial Counsel (NY Bar No. 4823043)
                                                   United States Department of Justice
                                                   Civil Division, Federal Programs Branch
                                                   1100 L Street, NW
                                                   Washington, DC 20005
                                                   Tel: (202) 305-0727
                                                   Fax: (202) 616-8470

---

[2] Defendants are scheduled to supplement the administrative record in a different challenge to the CDC Order at issue here on February 22, 2021 to include the new documents CDC considered or relied upon in issuing the January Order. *See* Minute Order, *Ala. Ass'n of Realtors v. U.S. Dep't of Health & Human Servs.*, No. 20-3377 (D.D.C. Feb. 10, 2021). Defendants are prepared to likewise supplement the administrative record in this action as early as February 22, 2021, should the Court so order.

2

E-mail:  leslie.vigen@usdoj.gov

*Counsel for Defendants*

2

## CERTIFICATE OF SERVICE

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated:  February 16, 2021

                                                */s/ Leslie Cooper Vigen*
                                                Trial Attorney