# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 19, 2021
Lyle W. Cayce
Clerk

No. 21-40137

LAUREN TERKEL; PINEYWOODS ARCADIA HOME TEAM,
LIMITED; LUFKIN CREEKSIDE APARTMENTS, LIMITED;
LUFKIN CREEKSIDE APARTMENTS II, LIMITED;
LAKERIDGE APARTMENTS, LIMITED; WEATHERFORD MEADOW
VISTA APARTMENTS, L.P.; MACDONALD PROPERTY
MANAGEMENT, L.L.C.,

*Plaintiffs—Appellees*,

*versus*

CENTERS FOR DISEASE CONTROL AND PREVENTION; ROCHELLE
P. WALENSKY, IN HER OFFICIAL CAPACITY AS DIRECTOR OF THE
CENTERS FOR DISEASE CONTROL AND PREVENTION; SHERRI A.
BERGER, IN HER OFFICIAL CAPACITY AS ACTING CHIEF OF
STAFF FOR THE CENTERS FOR DISEASE CONTROL AND
PREVENTION; UNITED STATES DEPARTMENT OF HEALTH AND
HUMAN SERVICES; XAVIER BECERRA, SECRETARY, U.S.
DEPARTMENT OF HEALTH AND HUMAN SERVICES;
UNITED STATES OF AMERICA,

*Defendants—Appellants.*

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:20-CV-564

Case 2:21-cv-01374-JCB Document 20 Filed 12/13/21 Page 2 of 2 PageID #: 775
Case: 21-40137 Document: 00516087998 Page: 2 Date Filed: 10/19/2021

No. 21-40137

Before JONES, SMITH, and HAYNES, *Circuit Judges*.

PER CURIAM:*

The appellants moved to dismiss this appeal under Federal Rule of Appellate Procedure 42(b). We GRANT that motion and dismiss this appeal subject to the terms articulated below.

This case involves the constitutionality of the Centers for Disease Control and Prevention's nationwide eviction moratorium, which prevented landlords from exercising their state law eviction rights. Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55,292 (Sept. 4, 2020). The most recent iteration of the moratorium expired October 3, 2021. Temporary Halt in Residential Eviction to Precent the Further Spread of COVID-19, 86 Fed. Reg. 43,244 (Aug. 6, 2021). Moreover, another court's judgment invalidating the CDC's eviction moratorium on the grounds that the moratorium exceeded the CDC's authority under the Public Health Service Act, 42 U.S.C. § 264, is now final. *Alabama Ass'n of Realtors v. Dep't of Health & Hum. Services*, No. 20-CV-3377, 2021 WL 1779282 (D.D.C. May 5, 2021).

The government contends that the expiry of the most recent version of the CDC's eviction moratorium renders the present controversy moot. It also contends that the dispute is moot because it voluntarily ceased enforcement of the eviction moratorium even before October 3, the formal expiration date, acceding to the finality of *Alabama Association of Realtors* by dismissing its pending appeal in that case. *Alabama Ass'n of Realtors*, No. 21-5093, Doc. Nos. 1912768, 1912769 (D.C. Cir. Sept. 3, 2021). Nevertheless, the government maintains that the CDC has constitutional authority to issue the moratorium.

---

* Judge Haynes joins only in dismissing this appeal.

No. 21-40137

Appellees respond that the appeal is not moot because the parties still dispute whether the government has constitutional power under the Commerce Clause to invade individual property rights by limiting landlords' use of state court eviction remedies. The government maintains it has such authority. And in the government's view, espoused at oral argument, that constitutional power is in no way limited to combatting the ongoing pandemic; the government asserts it can wield that staggering constitutional authority for any reason. Appellees further contend the proposed dismissal is a pretext to avoid appellate review of the constitutional question.

After considering the record and the parties' oral arguments, we find it unnecessary to decide mootness. Instead, we grant the motion to dismiss the appeal "on terms . . . fixed by the court." Fed. R. App. P. 42(b). To be precise, our dismissal does not abrogate the district court's judgment or opinion, both of which remain in full force according to the express concession of the government during oral argument and in briefing.

It is Ordered that appellant's voluntary motion to dismiss is Granted subject to the forgoing condition.

3